IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lashaver Green, ) | |
| ) | Cr. No. 1:10-968 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

On October 5, 2010, Movant Lashaver Green was charged in an indictment with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. § 846. On February 15, 2011, Respondent United States of America filed an Information pursuant to 21 U.S.C. § 851, notifying Movant that he was subject to increased penalties under 21 U.S.C. § 841(b)(1)(B) because of prior convictions for a felony drug offense.[1] Specifically, Respondent noted that Movant had been sentenced on March 8, 1999 in the Court of General Sessions for Hampton County, South Carolina, for possession III cocaine (Indictment 98-GS-25-316 and Indictment 98-GS-25-253). See ECF No. 302. Movant filed no objections to the § 851 enhancement. See 21 U.S.C. § 851(c), (e).

A superseding indictment was filed on February 16, 2011, which charged Movant's co-defendants with additional offenses. A second superseding indictment was filed on March 16, 2011, charging Movant with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, 280 grams of more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. § 846.

---

[1] A felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State[.]" 21 U.S.C. § 802(44).

Movant pleaded guilty on June 27, 2011 to a lesser offense of conspiracy to possess with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846. In the plea agreement, Movant, among other things, waived his right to contest either his conviction or sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. The waiver did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. See ECF No. 523. ¶ 14.

A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR recited that Movant had pleaded guilty on March 8, 1999 to lesser included offenses of possession III cocaine for which he was sentenced to a two year suspended sentence and two years of probation (Indictment 98-GS-25-316), and a one year suspended sentence and one year probation (Indictment 98-GS-25-253). The United States Probation Office assessed three criminal history points for the possession III cocaine convictions, for a criminal history category of II. Movant was attributed 424.68 grams of cocaine base, for a base offense level of 32. Movant's offense level was reduced by three points for acceptance of responsibility. Accordingly, Movant's sentencing guideline range was 97-121 months incarceration based upon a total offense level of 29 and a criminal history category of II. However, because of his prior state court convictions for possession III cocaine, Movant faced a 120 month mandatory minimum sentence under 21 U.S.C. § 841(a)(1), (b)(1)(B). Movant asserted no objections to the PSR.

Movant appeared before the court for a sentencing hearing on October 27, 2011. Respondent moved for a downward departure pursuant to U.S.S.G. § 5K1.1, which was granted. The court departed to a sentence of incarceration for seventy-eight months. Judgment was entered on October 31, 2011. Movant did not file a notice of appeal.

On November 5, 2012, Movant, proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On December 19, 2012, Respondent filed a response in opposition to Movant's § 2255 motion. By order filed December 20, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed no response to Respondent's motion.

## DISCUSSION

Movant contends that his underlying state convictions for possession III cocaine were obtained in violation of his Sixth Amendment right to effective assistance of counsel. Movant asserts he was charged under the incorrect state statute and that he should have been held accountable for simple possession of cocaine, a misdemeanor. Thus, according to Movant, his sentence should not have been enhanced under § 851 because his state convictions did not qualify as felony offenses under federal law. See United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law).

In its response to the § 2255 motion, Respondent first argues that Movant waived in his plea agreement any right to challenge the use of his prior convictions to enhance his sentence. The court agrees. A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal. United States v. Jones, 2013 WL 4441539, *1 (4th Cir. 2013) (quoting United States v. Amaya–Portillo, 423 F.3d 427, 430 (4th Cir.2005)). Movant makes no argument that the waiver in his plea agreement was not knowingly and intelligently made. The court is aware of no infirmity that would render the plea agreement unenforceable.

Respondent further argues that Movant procedurally defaulted any claim that his possession III cocaine convictions were not properly utilized to enhance his sentence by failing to raise this issue on appeal. The court agrees. Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998) (citing cases). Movant makes no argument that the court should overlook the procedural default.

Respondent asserts that the § 851 enhancement was properly applied in determining Movant's sentence. The court agrees. The court must examine the sentence Movant could have actually received when determining whether a state conviction can serve as a predicate felony for federal sentencing enhancement. United States v. Copeland, 707 F.3d 522, 526 (4th Cir. 2013) (citing Simmons). Under section 44-53-375(B)(1) as it was codified at the time Movant was sentenced in 1999, Movant faced incarceration for a period of not more than fifteen years for possession III cocaine. Because Movant6 could have received a sentence in excess of one year, the § 851 enhancement was properly applied.

Moreover, Movant may not collaterally attack through his § 2255 motion his prior possession III cocaine convictions. Campbell v. United States, No. 2:04-CR-01046-DCN-7, 2011 WL 1235321, *6 (D.S.C. March 30, 2011). This is because § 851 sets forth specific procedures allowing a defendant to challenge the validity of a prior conviction used to enhance the sentence for a federal drug offense. Id. (citing Custis v. United States, 511 U.S. 485 (1994)).

## CONCLUSION

For the reasons stated, Movant's § 2255 motion (ECF No. 967) is **denied and dismissed**,

with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 21, 2014

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

5